United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-50839
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CURTIS DARRYL NORRIS,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:98-CR-281-2
_____

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

The district court judge did not commit reversible error by referring the jury to the original jury instruction on conspirator liability without consulting trial counsel, because that instruction was a correct and clear statement of the law and was applicable to the facts and evidence presented at trial. <u>See</u> <u>United States v. Bieganowski</u>, 313 F.3d 264, 293 (5th Cir. 2002). Next, the record contains ample circumstantial evidence from which the jury could infer that Norris knowingly and voluntarily entered into a criminal conspiracy with his father to manufacture and distribute methamphetamine. <u>See</u> <u>United States v. Cardenas</u>, 9 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1139, 1157 (5th Cir. 1993) (holding that a jury may infer an agreement from circumstantial evidence). Finally, because Norris cannot demonstrate that any error committed by the district court at his sentencing affected his substantial rights, Norris's claims of Fifth and Sixth Amendment violations at his sentencing must be rejected under plain error review. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Accordingly, Norris's convictions and sentence are

AFFIRMED.

2